JOHN W. WESCOTT, ATTORNEY-GENERAL OF THE STATE OF NEW JERSEY, RELATOR. v. THE PASSAIC PAID FIREMEN'S RELIEF ASSOCIATION, A CORPORATION OF NEW JERSEY, RESPONDENT.

Argued November 8, 1917—Decided April 26, 1918.

The act of 1894 (*Pamph. L.*, *p.* 383; *Comp. Stat.*, *p.* 2442) providing that whenever a volunteer fire department, which has a relief association, has been in existence, and a paid fire department is organized to take the place of the old organization, and such paid fire department has organized or may organize a relief association, it may be lawful for the old relief association to instruct its board of representatives to turn over the funds and property to an exempt firemen's association, expressly repeals all inconsistent legislation and in legal effect repeals the act of 1885 (*Pamph. L.*, *p.* 144; *Comp. Stat.*, *p.* 2430), to the extent of declaring that a paid firemen's association may be organized, notwithstanding the prohibition of section 4 of the latter act as to the number of firemen's relief associations in any city.

On *quo warranto*.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KALISCH.

For the relator, *John O. Totten* (*Ward & McGinnis*, of counsel).

For the respondent, *Osborne & Astley* (*Alonzo Church*, of counsel).

The opinion of the court was delivered by

KALISCH, J. The fundamental basis of the attorney-general's information is that under section 4 of the act of 1885, page 144 (*Comp. Stat., p.* 2341), providing that there shall hereafter be not more than one firemen's relief association or other association organized for the purposes intended by the act, in any city, and so forth, it, the Passaic Firemen's Relief Association, organized on September 28th, 1885, in the city of Passaic, and duly incorporated, and that by virtue of the aforementioned act, and the supplements thereto and the acts amendatory thereof, it is the sole legally constituted firemen's relief association in the city of Passaic, entitled to the rights, privileges and benefits of said act, and that, therefore, the defendant, the Passaic Paid Firemen's Relief Association, which was organized in 1911, in the city of Passaic, was without warrant of law, and is an intruder, usurping the rights and privileges of the Passaic Firemen's Relief Association.

Since the statute expressly provides that there shall be but one firemen's relief association, the legal existence of the defendant is directly challenged in this proceeding.

As there is no question that up to the time of the organization and incorporation of the defendant, in 1911, under the act of 1894, page 383 (*Comp. Stat., p.* 2442), the Passaic Firemen's Relief Association was the lawfully constituted body under the act of 1885, the situation presented, logically, leads to the inquiry whether or not the defendant, in organizing under the act of 1894, superseded the Passaic Firemen's Relief Association, and this obviously requires a consideration of the scope and legal effect of the later legislation.

From the information it appears that the relator organized at a time when the fire department of the city of Passaic was

a volunteer society, and that afterwards the fire department was changed to a paid department, whereupon the defendant association was organized.

Section 1 of the act of 1894, above referred to, provides that whenever a volunteer department has been in existence and which had a relief association, and a paid fire department is organized to take the place of the old organization, and such paid fire department has organized, or may organize, a relief association under the act of 1885, it shall and may be lawful for the members of the old relief association, after taking certain procedure, to instruct its board of representatives, or other body having control of its funds, to turn over the funds and property to an exempt firemen's association existing in the municipality, and so forth.

Counsel of Passaic Firemen's Relief Association contends that no justification can be found for the right of the paid association to exist. He founds this contention on the assertion that a careful reading of the act of 1894, on which the defendant relies for its legal existence, "does not disclose anything to justify the right of the paid firemen's association to exist where there is clearly another association in existence." It may be conceded that the act contains no express words that whenever the department is changed to a paid department and an old volunteer association is in existence, a new paid association may be organized, notwithstanding the prohibition found in section 4 of the act of 1885; but that is wholly unimportant, since the language of the act clearly implies the legislative intent to be that when a volunteer department is changed to a paid department there may be a new association for the paid department, and thereupon it is the right and privilege and very probably the duty of the volunteer association to turn over its funds to the exempt firemen's association and to dissolve, as provided by section 30 of the act of 1885.

The act of 1894 expressly repeals all inconsistent legislation and in legal effect repeals the act of 1885 to the extent of declaring that a paid firemen's association may be organized, notwithstanding the prohibition of section 4 of that act as to

the number of firemen's relief associations in any city, and so forth.

The right of the Passaic Firemen's Relief Association to exist as a corporation cannot be challenged in this proceeding by the defendant. But whether it can be challenged or not, it is quite obvious in view of the act of 1894, *supra*, that the Passaic Firemen's Relief Association cannot successfully challenge the right of the defendant to exist.

The defendant in its plea prays judgment, and that the corporate franchise, its liberties, privileges and franchises by it claimed, in manner aforesaid, may be allowed and adjudged to it, and this defendant may be discharged by the court hereafter and from the premises above charged against it, and to this we think the defendant is entitled, and judgment may be entered accordingly.